# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

v.                                                       Case No. 08-CR-89

**ANGELA WEAVER**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Angela Weaver pleaded guilty to interstate travel to facilitate drug distribution, contrary to 18 U.S.C. § 1952(a)(3) and 21 U.S.C. § 841(a)(1), and I set the case for sentencing. In imposing sentence, the district court must first calculate the advisory guideline range, then consider all of the factors set forth in 18 U.S.C. § 3553(a) in order to determine the ultimate sentence. See, e.g., United States v. Scott, 503 F. Supp. 2d 1097, 1099 (E.D. Wis. 2007) (citing United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007)).

## I. GUIDELINES

Defendant's pre-sentence report ("PSR") set a base offense level of 16 under U.S.S.G. §§ 2E1.2(a)(2) & 2D1.1(c)(12), then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 13. The report determined a criminal history category of II, producing an imprisonment range of 15 to 21 months. The parties agreed with these calculations, and I adopted them.

## II. SECTION 3553(a)

**A.  Sentencing Factors**

Section 3553(a) directs the court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2). While the court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). The guidelines "are but one factor among those listed in 18 U.S.C. § 3553(a)," United States v. Carter, 530 F.3d 565, 578 (7th Cir. 2008), and "§ 3553(a)(3) directs the judge to consider sentences other than imprisonment," Gall, 128 S. Ct. at 602.

**B. Analysis**

    **1. The Offense**

This case arose out of the government's investigation of the drug trafficking activities of the 1st and Keefe Vice Lords, a street gang operating on Milwaukee's north-side. The PSR described those activities in detail, setting forth the roles the various co-defendants played. (PSR ¶¶ 9-95.) Defendant's husband, Preston Weaver, a co-defendant, was a long-time gang member who sold drugs with other members. (PSR ¶¶ 96-99.) Defendant allowed her husband to use the homes they shared to store cocaine and also assisted him in obtaining cocaine.

Defendant's specific count of conviction arose out of a May 18, 2007 transaction Preston arranged with a confidential informant ("CI"), which required Preston to travel from Milwaukee to Chicago to obtain cocaine for the deal. Defendant tried to borrow a car to make the trip, but her attempt failed. Preston and defendant then rented a car and drove to Chicago. The following day, the CI met with Preston and defendant, who were in the rental car, and Preston showed the CI three ounces of cocaine. Later, the CI met with Preston alone, and Preston cooked the cocaine into crack and gave it to the CI. The CI then provided the crack to case agents, who tested it and weighed it at 65 grams. The PSR held Preston Weaver responsible for the distribution of a total of 500 grams to 1.5 kilograms of crack, but defendant responsible for only 50 to 100 grams of powder cocaine, the amount involved in the Chicago trip.

    **2. The Defendant**

Defendant was forty years old, with a minimal prior record – a false tax document case from 2003 and a retail theft case from 2008, both of which resulted in fines. However, while

3

this case was pending she picked up two new charges, a theft case and a forgery/uttering case. She pleaded guilty to the former shortly before sentencing, receiving a sentence of probation;[1] the other charge remained pending. The magistrate judge revoked defendant's bond in this case based on these violations; however, on the agreement of the parties, I later allowed her release again, and she complied with her conditions during the four months between re-release and sentencing.

As alluded to above, defendant was married to a co-defendant in this case, and they shared three children, ages sixteen, fourteen and thirteen. Defendant's family remained supportive, and she seemed a devoted mother to her kids.

Defendant appeared to have no substance abuse issues or other treatment needs, but she did need to further her education. Although she took some classes at MATC after dropping out of high school, she had not obtained her GED or HSED, and her employment record was rather spotty. As I discussed at sentencing, she needed to obtain vocational skills so that she would not be drawn towards illegal means to make ends meet.

### 3.     The Sentence

The guidelines called for a term of 15-21 months, but under the circumstances I found that range greater than necessary. I instead found a sentence served in the community sufficient to satisfy the purposes of sentencing.

First, the range was greater than necessary to provide just punishment given the specific nature of defendant's conduct. Her husband was a drug dealer, and she at times permitted him to store drugs in their home and accompanied him on a trip to Chicago to pick up cocaine.

---

[1]This sentence did not increase defendant's criminal history category.

The record contained no indication that she was a dealer herself or that she provided any significant assistance to Preston. She basically helped him obtain a car and rode along with him to Chicago. The fact that she was not even present when Preston cooked the cocaine into crack and gave it to the CI demonstrated her peripheral involvement. I have in other cases written about how the guidelines can recommend sentences greater than necessary for women who become involved in drug trafficking due to a relationship with a male dealer, see United States v. Willis, 479 F. Supp. 2d 927, 931 (E.D. Wis. 2007); United States v. Greer, 375 F. Supp. 2d 790, 794-95 (E.D. Wis. 2005), and this case appeared to be another example of that phenomenon. Given defendant's limited involvement and the role of her relationship with Preston in drawing her into this conduct, I did not see a need for prison to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Second, I found a sentence served in the community sufficient to protect the public and deter. See 18 U.S.C. § 3553(a)(2)(B) & (C). I had some concerns about defendant's violations while on pre-trial release in this case, but those violations, as well as defendant's prior convictions, were not terribly serious. I concluded that close supervision in the community would sufficiently protect the public. This supervision, and the prospect of a prison sentence of up to five years on revocation of probation, also sufficed to deter. Defendant spent about five weeks in jail following revocation of her bond, and she fully complied with her conditions since re-release. It appeared that this period in custody, apparently her first ever, had an effect. Finally, a sentence served in the community allowed defendant to remain with and raise her children.

### III. CONCLUSION

For these reasons and those stated on the record, I placed defendant on probation for

5

a period of four years. I selected a longer term to ensure sufficient monitoring. As conditions, I ordered defendant to serve 180 days of home confinement on electronic monitoring in order to provide a measure of punishment and structure; to obtain her GED or HSED so that she could better obtain stable, legitimate employment; to provide access to all financial information requested by the supervising probation officer, which would permit the officer to assist defendant with proper money management given her poor financial situation and past financial crimes; and to perform ten hours of community service work per year, in lieu of a fine. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge